UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

MARY ANTHONY in her individual capacity, ABIGAIL BLATT, as Executrix for the Estate of Sophie Maslow and THOMAS D. HURWITZ, as Trustee of "the Estate of Jane Dudley",

    Plaintiffs,

vs.

RICK SCHUSSEL, in his personal and corporate capacities, and THE NEW DANCE GROUP STUDIO, INC., a/k/a THE NEW DANCE GROUP ART CENTER,

    Defendants.

07 Civ. 6116 (DC)
ECF CASE

**AMENDED COMPLAINT**

---

Plaintiffs hereby allege on personal knowledge as to allegations concerning themselves, and on information and belief as to all other allegations, as follows:

### NATURE OF THE ACTION

1. This is an action for a declaration of ownership of the choreographic works of Mary Anthony, Jane Dudley and Sophie Maslow; for injunctive relief; and with regard to one of Jane Dudley's choreographic works—<u>Harmonica Breakdown</u>—for damages for willful copyright infringement. Plaintiffs (in either an individual or representative capacity) are the copyright owners of a number of choreographed works created

either by their mothers, in the cases of Thomas Hurwitz and Abigail Blatt, or in her individual capacity, in the case of Mary Anthony. Evidence of Plaintiffs' ownership, in an individual or representative capacity, is clear, ranging from valid copyright registrations constituting <u>prima facie</u> evidence of ownership, to a variety of unambiguous facts and circumstances leaving no room for any competing claim of ownership.

    2. The value of these choreographic works in terms of their historical legacy and contemporary relevance is maintained by ensuring that any and all public performances comply with the artistic standards established by the original choreographers themselves and maintained by the copyright owners. Unlicensed performances of these works, therefore, can undermine the very artistic integrity that the copyright owners have and seek to preserve.

    3. Among the facts that demonstrate that the works are owned by Plaintiffs, in an individual or representative capacity, are that:

    (a) none of the three choreographers was ever paid as a choreographer, nor were they ever paid to create choreography for The New Dance Group Studio, Inc., a/k/a The New Dance Group Art Center (collectively the "New Dance Group") either during the period when these works were created or at any other time.

Instead, the affiliation of Mses. Anthony, Dudley and Maslow with the New Dance Group was limited to the position of teacher or member of the Board of Directors;

(b)  a member of the Board of Directors of the New Dance Group from the 1940s-1980s asserts that throughout her tenure, and certainly prior to when Defendant Rick Schussel joined the Board, no dances, and in particular, none of the dances that is the subject of this Complaint, were among the assets of the New Dance Group;

(c)  a variety of evidence indicates that the three particular dances that have been the subject of unlicensed rehearsals and threatened performance by the New Dance Group, Folksay, Harmonica Breakdown and Time is Money, were created and/or premiered outside of the New Dance Group; and

(d)  there is no evidence that the New Dance Group had the right to assign to Plaintiffs the task of choreography as part of their regular duties, or to supervise or control them, in the creation of choreography.

4.  Despite the breadth of factual evidence supporting Plaintiffs' ownership claims, Defendants Rick Schussel and the New Dance Group, performed Harmonica Breakdown on May 11, 2007, and willfully disregarded the owner's interest in this dance.  Defendants' intention to continue infringing works owned by Plaintiffs (in an individual or representative

capacity) became clear on May 23, 2007, when Plaintiffs learned that Defendants were actively rehearsing and intended to perform publicly three works, <u>Harmonica Breakdown</u>, <u>Time is Money</u> and <u>Folksay</u>, which are owned by Plaintiffs (in an individual or representative capacity) on June 22 and 24, 2007.

5.  Less than thirty-six hours before the June 22, 2007 scheduled performance, Defendants finally agreed to cancel the infringing productions. However, despite the clarity of the evidence that substantiates Plaintiffs' ownership claims, Defendants persist in their claims of ownership, including their purported right to perform the dances that are the subject of this Complaint. Accordingly, Plaintiffs have no alternative but to institute this action.

## JURISDICTION AND VENUE

6.  This is a civil action seeking permanent injunctive relief, declaratory relief and statutory damages for willful copyright infringement under the Copyright Act, 17 U.S.C. § 101 <u>et</u> <u>seq.</u> and 28 U.S.C. § 2201.

7.  The Court has original subject matter jurisdiction over the Copyright Act claims and declaratory relief pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.  The Court has personal jurisdiction over the Defendants because each resides and/or may be found in New York, is a citizen of the United States, and a citizen of the State of

New York, does systematic and continuous business in New York, and has performed acts directed at causing harm in New York that give rise to this Complaint.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c) and 28 U.S.C. § 1400(a).

**THE PLAINTIFFS AND THEIR ARTISTIC WORK**

10. Mary Anthony is a noted choreographer and dance teacher. Ms. Anthony was formerly affiliated with the Hanya Holm Company and currently heads the Mary Anthony Dance Studio, which was founded in 1954. Her works, such as The Devil in Massachusetts and Lady Macbeth, are treasured contributions to modern dance. Ms. Anthony is a citizen of the United States and a citizen and domiciliary of New York.

11. Abigail Blatt is the daughter and legatee of Sophie Maslow, as well as the executrix of Ms. Maslow's estate. Ms. Maslow, who choreographed such modern masterpieces as Folksay, Voices, Country Music, Decathlon Etudes, Visions of Black Elk, The Village I Knew, Poem and Woody Sez, was active during a period of burgeoning interest in modern dance in the 1930s and 1940s, and continued to produce choreographic works through the 1980s. The copyrights to these works are part of her estate. She created significant amounts of her early choreography at the Bennington Summer School of the Dance—an organization separate in all respects from the New Dance Group.

It was there that Ms. Maslow became acquainted with Jane Dudley and William Bales, with whom she formed a well-known dance troupe referred to as the Dudley-Maslow-Bales Trio. Ms. Blatt is a citizen of the United States and a citizen and domiciliary of New York.

12. Thomas D. Hurwitz is the son of Jane Dudley and trustee of trusts (collectively "the Estate of Jane Dudley"), containing the choreographic works of Ms. Dudley, including <u>Harmonica Breakdown</u> and <u>Time is Money</u>, on behalf of Nicholas D. Hurwitz (age 17), Anya R. Hurwitz (age 30) and Mekea H. Fishlin (age 32), Ms. Dudley's grandchildren. (Each is not only a child of Mr. Hurwitz, but also agrees with the filing of this lawsuit against Defendants.) Ms. Dudley was trained by Hanya Holm, and after appearing at the Bennington Summer School of the Dance in a Martha Graham production, she was invited to join the Martha Graham Company. After forming the Dudley-Maslow-Bales Trio with Sophie Maslow and William Bales, she toured the dance circuit throughout the 1930s and 1940s. Mr. Hurwitz is a citizen of the United States and a citizen and domiciliary of New York.

13. Ms. Dudley trained specific dancers, namely Sheron Wray and Nancy Colahan, to perform different works, including <u>Time is Money</u> and <u>Harmonica Breakdown</u>, and to teach other dancers how to perform the works in order to maintain each work's artistic integrity after her death. Ms. Maslow entered

into contracts with the Dance Notation Bureau for many of her dances to ensure that performances of her works would be faithful to the originals, which were preserved through Labannotation, and performed under the careful supervision of experts in modern dance. Ms. Anthony supervises the staging of her own works.

14. Each Plaintiff (in an individual or representative capacity) is a copyright owner of one or more of the works that form the basis for the present action.

(a) Ms. Blatt is the executrix of Ms. Maslow's estate and the successor (under the terms of Ms. Maslow's will, dated April 3, 1992) to the copyrights in Ms. Maslow's dances. Ms. Maslow died on June 25, 2006. Ms. Maslow's dances were registered with the United States Copyright Office, with certificates in her name issued for some dances through an arrangement with the Dance Notation Bureau. Voices, created in 1980, is registered under PAu585-770; Country Music, created in 1971, is registered under PAu585-764; Decathlon Etudes, created in 1976, is registered under PAu585-765; Visions of Black Elk, created in 1978, is registered under PAu585-766; The Village I Knew, created in 1950, is registered under PAu585-767; Poem, created in 1963, is registered under PAu585-768; and Woody Sez, created in 1980, is registered under PAu585-769. The copyright is current for each of the foregoing works of choreography, as

each dance was registered after January 1, 1978. <u>Folksay</u>, created in 1942, is registered under Du 106978. The copyright in <u>Folksay</u> is current, pursuant 17 U.S.C. § 304(a). None of these works has ever been published. Copies of certificates of registration for <u>Voices</u>, <u>Country Music</u>, <u>Decathlon Etudes</u>, <u>Visions of Black Elk</u>, <u>The Village I Knew</u>, <u>Poem</u>, <u>Woody Sez</u> and <u>Folksay</u> are attached hereto as Exhibits A, B, C, D, E, F, G and H, respectively.

   (b) Mr. Hurwitz is trustee of "the Estate of Jane Dudley", which includes Ms. Dudley's choreographic work. Ms. Dudley's dances <u>Time is Money</u> and <u>Harmonica Breakdown</u> were registered with the United States Copyright Office and certificates have been duly issued. <u>Time is Money</u>, created in 1934 and premiered at the Workers Dance League Revolutionary Solo Dances, presented by the League of Workers Theaters, is registered under PAu3-067-716, and <u>Harmonica Breakdown</u>, created and premiered in 1938 at Bennington Summer School of the Dance, is registered under PAu3-067-715. None of these works has ever been published. The copyright is current for each of the foregoing works of choreography. Copies of the certificates of registration for <u>Time is Money</u> and <u>Harmonica Breakdown</u> are attached hereto as Exhibits I and J, respectively.

   (c) Ms. Anthony, as the choreographer of <u>Lady Macbeth</u> (created in 1948 and premiered at the 92nd Street YMHA)

and the original claimant, had a copyright issued in her name by the United States Copyright Office. A certificate was issued in due course under registration number PAu3-067-717. The copyright in this work of choreography is current. This work was never published. A copy of the certificate of registration for Lady Macbeth is attached hereto as Exhibit K.

15.  At various points in time, each choreographer served as a part-time teacher at the school run by the New Dance Group. Beginning in 1936, Jane Dudley also served as President of the Board of Directors of the New Dance Group and left the Board in or about 1965.

16.  Sophie Maslow was a part-time teacher at the New Dance Group beginning in or about 1934. She served on the Board from approximately 1936 until the early 1980s.

17.  Mary Anthony began teaching part-time at the New Dance Group in or about 1940 and ceased teaching in or about 1952.

18.  At no time during the creation of these dances or at any other time were Mses. Anthony, Dudley or Maslow employed to choreograph dances as part of their regular duties, nor were they commissioned to choreograph dances. In fact, during the relevant period, when the dances at issue were created, the New Dance Group maintained only a skeletal staff of salaried employees, consisting primarily of secretarial help.

Productions of the works choreographed by Mses. Anthony, Dudley and Maslow, were paid for largely out of their own pockets, including the costs of set design and costumes.

19. Prior to Mr. Schussel's involvement with the Board of New Dance Group, none of these dances was ever carried as, or considered to be, assets of the New Dance Group.

20. Plaintiffs' possession of certificates of copyright registration constitutes <u>prima facie</u> evidence of their ownership, in an individual or representative capacity, of the works. 17 U.S.C. § 410(c).

## THE DEFENDANTS

21. Defendant Rick Schussel is the Artistic Director of the New Dance Group, a position he has held since the early to mid-1980s. He is a citizen of the United States and a citizen and domiciliary of New York.

22. Defendant The New Dance Group Studio, Inc. is a New York corporation with its principal place of business in New York and is engaged in the teaching and staging of modern dance. It is also known as The New Dance Group Art Center.

23. At all times relevant to this action, Defendant Rick Schussel participated in and caused the New Dance Group to participate in the acts complained of herein. For example, he has (i) possessed authority and control over the New Dance Group, as well as direct supervisory responsibility over the New

Dance Group's employees, and (ii) has been aware of, personally overseen or directed, and approved of the actions complained of herein.

24.   When first organized in the 1930s, the New Dance Group served as a vehicle for the dissemination of modern dance to the public through inexpensive courses in dance technique and theory, and the creation of a collaborative community environment for dance.  While the organization flourished through the 1950s, a slow period of decline set in until a crisis erupted in the 1980s.  Defendant Schussel joined the Board and arranged for additional Board members to be added, who then elected him President of the Board.  At some point, in approximately the mid-1980s, the New Dance Group effectively ceased operations.  Apparently, it has again commenced operations.

25.   On May 11, 2007, Harmonica Breakdown was publicly performed by the New Dance Group.

26.   Since that time, Defendants have rehearsed works owned by Plaintiffs (in an individual or representative capacity) and threatened to perform publicly Harmonica Breakdown, Time is Money and Folksay during performances on June 22, 24, and 25, 2007—which were only cancelled after the most strenuous protests of Plaintiffs, but without any

acknowledgement by Defendants of Plaintiffs' ownership interests.

### COUNT I:  DECLARATION OF OWNERSHIP AND INJUNCTIVE RELIEF

27.  Plaintiffs repeat, reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 26 above.

28.  Plaintiffs (in an individual or representative capacity) are the legal owners of certain copyrights in choreography.  Such choreography consists of original works of authorship fixed in a tangible medium of expression.

29.  Despite the facts supporting Plaintiffs' ownership of the works at issue in this case, in an individual or representative capacity, Defendant Schussel has asserted that the New Dance Group owns the entirety of the choreographic works of those teachers who at any time were associated with the New Dance Group.

30.  Defendant Schussel has refused to seek permission to rehearse, stage or perform the works of Ms. Anthony, Ms. Dudley (as held in trust by Mr. Hurwitz, trustee, for Nicholas D. Hurwitz, Anya R. Hurwitz and Mekea H. Fishlin) or Ms. Maslow (as owned by Ms. Maslow's estate, the executrix of which is Ms. Blatt), and others not parties to this lawsuit, who may have ever been associated with the New Dance Group.

31.  This brazen course of conduct, including the public performances Defendants threatened to stage on June 22, 24 and 25, the actual staging of Harmonica Breakdown on May 11, 2007, and assertions by Defendant Schussel, such as his continued, and incorrect, insistence that he owns at least some of the works owned by Plaintiffs (in an individual or representative capacity) demonstrate the presence of an actual case and controversy and that any and all of these works are at risk of being rehearsed or performed publicly, without the appropriate license, in violation of the copyrights in these choreographic works and 17 U.S.C. § 106(4)-(5).

32.  Accordingly, Plaintiffs are entitled to a declaration of ownership with respect to their respective works, namely: Folksay, Voices, Country Music, Decathlon Etudes, Visions of Black Elk, The Village I Knew, Poem, and Woody Sez, for the estate of Ms. Maslow, the executrix of which is Ms. Blatt; Harmonica Breakdown and Time is Money for Nicholas D. Hurwitz, Anya R. Hurwitz and Mekea H. Fishlin as held in trust by Thomas D. Hurwitz, trustee; and Lady Macbeth for Mary Anthony.  28 U.S.C. § 2201.  Such a determination is necessary and appropriate at this time in order to prevent infringement of these valuable copyrights.

33.  The massive infringement threatened by Defendants' position on dances choreographed by former part-time

teachers at the New Dance Group, including the acknowledged masterpieces of Mses. Anthony, Dudley and Maslow, unless permanently enjoined by this Court, will cause serious and irreparable harm to the artistic integrity of the works, irreparable devaluation of the work, and serious and irreparable damage to the artistic reputations of Ms. Dudley, Ms. Maslow and Ms. Anthony.

34. Defendants' conduct has caused and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money. The artistic integrity of each work can only be maintained through carefully supervised training by experts in modern dance. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to injunctive relief prohibiting further infringement of the copyrighted works specified in ¶ 32.

35. Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

### COUNT II:  COPYRIGHT INFRINGEMENT

36. Plaintiffs repeat, reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 26 above.

37. By rehearsing and publicly performing Harmonica Breakdown, a copyrighted work, and displaying Harmonica

<u>Breakdown</u> publicly during a May 11, 2007 performance, Defendants directly infringed the copyright held in trust by Thomas D. Hurwitz, trustee, on behalf of Nicholas D. Hurwitz, Anya R. Hurwitz and Mekea H. Fishlin. 17 U.S.C. § 106(4)-(5). The "dedication" of one of Ms. Dudley's signature works, and its performance without adequate training or supervision by those who were specifically trained by Ms. Dudley in this (or any other) dance, did and does serious and irreparable harm to the artistic integrity of the work, irreparably devalues the work, and seriously and irreparably tarnishes the artistic legacy of Ms. Dudley.

38. Through conduct described above, Defendants are liable for copyright infringement. Defendants had actual knowledge of the infringement and have acted jointly and severally.

39. Defendants' infringement has been and is willful, intentional, purposeful and in disregard of the rights of Mr. Hurwitz, as trustee of "the Estate of Jane Dudley".

40. As a direct and proximate result of Defendants' infringements, Mr. Hurwitz, as trustee of "the Estate of Jane Dudley", is entitled to the maximum statutory damages under 17 U.S.C. § 504(c), in the amount of $150,000 per work.

41. Mr. Hurwitz, as trustee of "the Estate of Jane Dudley", is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants as follows:

(a) a declaration that the New Dance Group has no right or entitlement to rehearse or perform, without permission, the following works: Voices, Country Music, Decathlon Etudes, Visions of Black Elk, The Village I Knew, Poem, Woody Sez, Folksay, Harmonica Breakdown, Time is Money and Lady Macbeth; that Voices, Country Music, Decathlon Etudes, Visions of Black Elk, The Village I Knew, Poem, Woody Sez and Folksay are the copyrighted choreography of Sophie Maslow's estate, for which Abigail Blatt is the executrix and that are owned by Ms. Maslow's estate; that Harmonica Breakdown and Time is Money are copyrighted choreography, which were part of the estate of Jane Dudley, and are currently held in trust for Nicholas R. Hurwitz, Anya R. Hurwitz, and Mekea H. Fishlin with Thomas D. Hurwitz as trustee; and that Lady Macbeth is the copyrighted choreography of Mary Anthony, who is also the owner of the work.

(b) for permanent injunctive relief requiring that Defendants and Defendants' agents, servants, employees, officers, attorneys, successors, licensees, partners, and

-16-

assigns, and all persons acting in concert or participation with each or any of them, cease infringing, whether directly or indirectly, and cease causing, enabling, facilitating, encouraging, promoting, inducing, contributing to, and participating in the infringement of any of Plaintiffs' respective copyrights;

(c)  for a ruling that Defendants have willfully infringed the copyright of Harmonica Breakdown;

(d)  for statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work that has been willfully infringed (including at least Harmonica Breakdown);

(e)  for pre-judgment and post-judgment interest;

(f)  for Plaintiffs' costs and disbursements in this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

(g)   for such other and further relief as the Court deems just and proper.

July 17, 2007

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP

by _____
Katherine B. Forrest
Teena-Ann V. Sankoorikal
Members of the Firm

Attorneys for Plaintiffs
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000