John R. Sachs, Jr. (JS 8613)
Lori A. Jordan (LJ 0853)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York  10177
(212) 351-4500
Attorneys for Defendants
Rick Schussel and
The New Dance Group Studio, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MARY ANTHONY in her individual capacity, :
ABIGAIL BLATT, as Executrix for the Estate of Sophie :
Maslow and THOMAS D. HURWITZ, as Trustee of : 07 CV 6116 (DC)
"the Estate of Jane Dudley", :
: Electronically Filed
                 Plaintiffs, :
: **ANSWER TO THE**
- against - : **AMENDED COMPLAINT**
: **AND COUNTERCLAIM**
RICK SCHUSSEL, in his personal and corporate :
capacities, and THE NEW DANCE GROUP STUDIO, :
INC., a/k/a THE NEW DANCE GROUP ART :
CENTER, :
:
                 Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Defendants Rick Schussel ("Schussel") and The New Dance Group Studio, Inc. ("NDG") (collectively the "Defendants"), through their attorneys, Epstein Becker & Green, P.C., as and for its Answer to the Amended Complaint, alleges upon information and belief as follows:

### NATURE OF THE ACTION

      1.    With respect to the allegations contained in Paragraph 1 of the Amended Complaint, admit only that Plaintiffs purport to seek a declaration of ownership of the choreographic works associated with Mary Anthony, Jane Dudley, and Sophie Maslow, and for

NY:1959561v2

injunctive relief, along with damages for alleged copyright infringement, but deny each and every remaining allegation contained in that paragraph.

2. Paragraph 2 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 2 of the Amended Complaint.

3. Deny each and every allegation contained in Paragraph 3 of the Amended Complaint.

4. With respect to the allegations contained in Paragraph 4 of the Amended Complaint, admit only that NDG performed Harmonica Breakdown on or about May 11, 2007 and had intended to perform publicly Folksay and/or Harmonica Breakdown and/or Time is Money on or about June 22 and 24, 2007, and deny each and every remaining allegation contained in that paragraph.

5. With respect to the allegations contained in Paragraph 5 of the Amended Complaint, admit only that Defendants cancelled the performances of Folksay and/or Harmonica Breakdown and/or Time is Money scheduled for on or about June 22 and 24, 2007, and deny each and every remaining allegation contained in that paragraph.

6. Paragraph 6 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 6 of the Amended Complaint.

7. Paragraph 7 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 7 of the Amended Complaint.

8. Paragraph 8 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant Schussel admits that he resides in New York and is a citizen of the United States. Defendant NDG admits that it may be found in New York and does systematic and continuous business in New York. Defendants deny each and every remaining allegation contained in Paragraph 8 of the Amended Complaint.

9. Paragraph 9 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 9 of the Amended Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of the Amended Complaint, and on that basis deny same.

11. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 of the Amended Complaint, and on that basis deny same.

12. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Amended Complaint, and on that basis deny same.

13. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Amended Complaint, and on that basis deny same.

14. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the Amended Complaint, and on that basis, deny same.

15. With respect to the allegations contained in Paragraph 15 of the Amended Complaint, admit that Mary Anthony, Jane Dudley, and Sophie Maslow were employed by the NDG and that Jane Dudley served on the Board of Directors of the New Dance Group but deny each and every remaining allegation contained in that paragraph.

16. With respect to the allegations contained in Paragraph 16 of the Amended Complaint, admit that Sophie Maslow was employed by the NDG and served on the Board of Directors, but deny each and every allegation remaining in that paragraph.

17. With respect to the allegations contained in Paragraph 17 of the Amended Complaint, admit that Mary Anthony was employed by the NDG, but deny each and every allegation remaining in that paragraph.

18. Deny each and every allegation contained in Paragraph 18 of the Amended Complaint.

19. Deny each and every allegation contained in Paragraph 19 of the Amended Complaint.

20. Paragraph 20 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 20 of the Amended Complaint.

21. With respect to the allegations contained in Paragraph 21 of the Amended Complaint, admit that Rick Schussel has been employed by the NDG since the mid-1980s, and is a citizen and domiciliary of New York and the United States, but deny each and every allegation remaining in that paragraph.

22. Admit the allegations contained in Paragraph 22 of the Amended Complaint.

23. Deny each and every allegation contained in Paragraph 23 of the Amended Complaint.

24. Deny each and every allegation contained in Paragraph 24.

25. Admit that <u>Harmonica Breakdown</u> was performed by NDG on or about May 11, 2007, except deny the allegation contained in Paragraph 25 of the Amended Complaint that said performance was "publicly performed."

26. Admit that they have rehearsed and had planned to perform <u>Harmonica Breakdown</u> and/or <u>Time is Money</u> and/or <u>Folksay</u> during performances on or about June 22, 24 and 25, 2007, except deny each and every remaining allegation contained in Paragraph 26 of the Amended Complaint.

27. Defendants repeat and reallege their responses to Paragraphs 1 through 26 of the Amended Complaint as is more fully set forth here.

28. Deny each and every allegation contained in Paragraph 28 of the Amended Complaint.

29. With respect to the allegations contained in Paragraph 29 of the Amended Complaint, admit that Defendants assert that New Dance Group owns the right to perform choreographic works of Mary Anthony, Jane Dudley, and Sophie Maslow that are the subject of this action, but deny each and every remaining allegation contained in this paragraph.

30. Deny each and every allegations contained in Paragraph 30 of the Amended Complaint.

31. Paragraph 31 of the Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 31 of the Amended Complaint.

32. Deny each and every allegation contained in Paragraph 32 of the Amended Complaint.

33. Deny each and every allegation contained in Paragraph 33 of the Amended Complaint.

34. Deny each and every allegation contained in Paragraph 34 of the Amended Complaint.

35. Deny each and every allegation contained in Paragraph 35 of the Amended Complaint.

36. Defendants repeat and reallege their responses to Paragraphs 1 through 35 of the Amended Complaint as is more fully set forth here.

37. Deny each and every allegation contained in Paragraph 37 of the Amended Complaint.

38. Deny each and every allegation contained in Paragraph 38 of the Amended Complaint.

39. Deny each and every allegation contained in Paragraph 39 of the Amended Complaint.

40. Deny each and every allegation contained in Paragraph 40 of the Amended Complaint.

41. Deny each and every allegation contained in Paragraph 41 of the Amended Complaint.

### First Affirmative Defense

1. The Amended Complaint fails to state a claim and/or cause of action upon which relief may be granted against defendants.

### Second Affirmative Defense

2. Plaintiffs' claims are time-barred by the applicable statute of limitations.

### Third Affirmative Defense

3. Plaintiffs' claims are barred by the doctrine of laches.

### Fourth Affirmative Defense

4. Plaintiffs' claims are barred by the doctrine of estoppel.

### Fifth Affirmative Defense

5. Plaintiffs' claims are barred by the doctrine of waiver.

### Sixth Affirmative Defense

6. Any harm that may be suffered by Plaintiffs have not been caused by the conduct of Defendants.

### Seventh Affirmative Defense

7. Upon information and belief, Plaintiffs have failed to mitigate their alleged damages.

### Eighth Affirmative Defense

8. Plaintiffs' copyright claims fail under the "works made for hire" doctrine.

### COUNTERCLAIM

The New Dance Group Studio, Inc. ("NDG"), as and for its Counterclaim against Mary Anthony, Abigail Blatt, as Executrix for the Estate of Sophie Maslow, and Thomas D.

Hurwitz, as Trustee of "the estate of Jane Dudley," asserts upon information and belief as follows:

### PARTIES

1. Counterclaim Plaintiff The New Dance Group Studio, Inc. is a New York not-for-profit corporation founded in 1932 by a group of choreographers who would become a link between that era's dance form as presented on Broadway and the modern vanguard. The NDG declared its commitment to nurturing a consciousness of the spiritual, physical, creative, aesthetic and socio-political potential of dance, and was instrumental in expanding the art form of dance far beyond its sheer "entertainment" value. The NDG became renowned for dance interpretations, such as the dances <u>Lady Macbeth</u>, <u>Time is Money</u>, <u>Harmonica Breakdown</u>, and <u>Folksay</u>, which dealt with controversial issues such as racism, women's rights, unfair employment practices, the economy, patriotism, human sexuality and war. The NDG was the first fully integrated and multi-cultural dance company and training ground for dancers and choreographers. The NDG continues to this day to serve the public as a cultural institution with an open door policy, and provides a creative environment for all levels of dancers and choreographers.

2. Counterclaim Defendant Mary Anthony is a choreographer and dance teacher formerly employed by the NDG. Upon information and belief, Ms. Anthony is a citizen of the United States and a citizen and domiciliary of New York.

3. Counterclaim Defendant Thomas D. Hurwitz is, upon information and belief, the trustee for the Estate of Jane Dudley. Jane Dudley is a choreographer, producer and dance teacher formerly employed by the NDG. Ms. Dudley also served on the NDG's Board of

Directors. Upon information and belief, Mr. Hurwitz is a citizen of the United States and a citizen and domiciliary of New York.

4. Counterclaim Defendant Abigail Blatt is, upon information and belief, the executrix of the Estate of Sophie Maslow. Sophie Maslow is a choreographer, producer and dance teacher formerly employed by the NDG. Ms. Maslow also served on the NDG's Board of Directors. Upon information and belief, Ms. Blatt is a citizen of the United States and a citizen and domiciliary of New York.

5. In or about 1934, while employed with the NDG, which provided her with compensation, Ms. Dudley, a founding member of the NDG, created the dance Time is Money. Ms. Dudley created Time is Money at the instance and expense of the NDG, and the NDG provided Ms. Dudley with the necessary studio space, dancers, costumes, sets, financial resources and performance venues needed in order to create and perform this dance. Without the resources, assistance and support of the NDG, Ms. Dudley could not have created this dance. Ms. Dudley created the dance with the knowledge and understanding that the NDG would have the right to continue to perform the dance. Over the years, the NDG has produced performances of Time is Money numerous times, which is publicly recognized as a historic masterpiece in the NDG's catalog of dances.

6. In or about 1938, while employed with the NDG, which provided her with compensation, Ms. Dudley created the dance Harmonica Breakdown. As with Time is Money, Harmonica Breakdown was created at the instance and expense of the NDG, and the NDG again provided Ms. Dudley with the necessary studio space, dancers, costumes, sets, financial resources and performance venues needed in order to create and perform this dance. Without the resources, assistance and support of the NDG, Ms. Dudley could not have created this dance.

Ms. Dudley created the dance with the knowledge and understanding that the NDG would have the right to continue to perform the dance. Over the years, the NDG has produced performances of <u>Harmonica Breakdown</u> numerous times, which is publicly recognized as a historic masterpiece in the NDG's catalog of dances.

7.   In or about 1948, Ms. Anthony, while employed at the NDG, which provided her with compensation, created the dance <u>Lady Macbeth</u>. <u>Lady Macbeth</u> was created at the instance and expense of the NDG, and the NDG provided Ms. Anthony with the necessary studio space, dancers, costumes, sets, financial resources and performance venues needed in order to create and perform this dance. Without the resources, assistance and support of the NDG, Ms. Anthony could not have created this dance. Ms. Anthony created the dance with the knowledge and understanding that the NDG would have the right to continue to perform the dance. Over the years, the NDG has produced performances of <u>Lady Macbeth</u> numerous times, which is publicly recognized as a historic masterpiece in the NDG's catalog of dances.

8.   In or about 1942, Ms. Maslow, while employed at the NDG, which provided her with compensation, created the dance <u>Folksay</u>. <u>Folksay</u> was created at the instance and expense of the NDG, and the NDG provided Ms. Maslow with the necessary studio space, dancers, costumes, sets, financial resources and performance venues needed in order to create and perform this dance. Without the resources, assistance and support of the NDG, Ms. Maslow could not have created this dance. Ms. Maslow created the dance with the knowledge and understanding that the NDG would have the right to continue to perform the dance. Over the years, the NDG has produced performances of <u>Folksay</u> numerous times, which is publicly recognized as a historic masterpiece in the NDG's catalog of dances.

9. Throughout the seventy-five year history of the NDG, these dances, along with countless other works, have been staged at the NDG for performances produced by the NDG. Counterclaim Defendants have at all times been aware of the historic value of these dances to NDG as well as NDG's rehearsal and production of them over the years.

### FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT

10. Counterclaim Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

11. Counterclaim Plaintiff is the legal owner of certain copyrights in choreography pursuant to the "works made for hire" doctrine.

12. The choreographic works <u>Lady Macbeth</u>, <u>Time is Money</u>, <u>Harmonica Breakdown</u>, and <u>Folksay</u> were all created at the instance and expense of the NDG as:

   (a) Ms. Dudley, Ms. Anthony and Ms. Maslow were all employees of the NDG at the time these dances were created;

   (b) Ms. Dudley, Ms. Anthony and Ms. Maslow received compensation from the NDG for their choreography; and

   (c) the NDG provided Ms. Dudley, Ms. Anthony and Ms. Maslow with the necessary funding, studio space, dancers, costumes, sets and performance venues needed to create and perform these pieces.

13. Ms. Dudley, Ms. Anthony and Ms. Maslow were all members of the Board of the NDG and/or officers of the NDG and/or members of committees with executive powers to direct the operation of the NDG. As a result, Ms. Dudley, Ms. Anthony and Ms. Maslow owed duties to the NDG including, but not limited to, fiduciary duties.

14. Despite the foregoing, Counterclaim Defendants Anthony, Hurwitz and Blatt assert that they are the owners of the three dances at issue and, in the case of Ms. Anthony and Mr. Hurwitz, waited until June 13, 2007, to claim copyright ownership by registering the works with the United States Copyright Office.

15. Counterclaim Defendants' claims of ownership are baseless in that, *inter alia*, the dances at issue constitute works for hire and claims of ownership by Counterclaim Defendants on behalf of themselves or Ms. Maslow and/or Ms. Dudley are precluded as a result of the duties and obligations owed by Ms. Dudley, Ms. Anthony and Ms. Maslow to the NDG.

16. Counterclaim Defendants Anthony, Hurwitz and Blatt now threaten the financial stability, integrity and history of the NDG with its baseless threats and claims for infringement damages.

17. As a result, an actual justicable controversy exists as between the parties hereto.

18. By reason of foregoing, the NDG requests that this Court issue a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that the NDG is the rightful owner of the copyrights of the following works: Harmonica Breakdown, Time is Money, Lady Macbeth, and Folksay.

**WHEREFORE** Rick Schussel and The New Dance Group Studio, Inc. respectfully pray for judgment as follows:

(a) dismissing the Amended Complaint;

(b) judgment declaring that The New Dance Group Studio, Inc. is the rightful owner of the copyrights for the following works: Harmonica Breakdown, Time is Money, Lady Macbeth, and Folksay;

(c) judgment awarding The New Dance Group Studio, Inc. and Rick Schussel their costs, disbursements, and reasonable attorneys' fees; and

(d) awarding The New Dance Group Studio, Inc. and Rick Schussel such other and further relief that the Court deems just and appropriate.

Dated: New York, New York
      August 31, 2007

EPSTEIN BECKER & GREEN, P.C.

By: _____
John R. Sachs, Jr.  (JS 8613)
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
Attorneys for The New Dance Group Studio, Inc. and Rick Schussel