**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARY ANTHONY in her individual capacity, ABIGAIL BLATT, as Executrix for the Estate of Sophie Maslow and THOMAS D. HURWITZ, as Trustee of "the Estate of Jane Dudley", <br><br> Plaintiffs, <br><br> vs. <br><br> RICK SCHUSSEL, in his personal and corporate capacities, and THE NEW DANCE GROUP STUDIO, INC., a/k/a THE NEW DANCE GROUP ART CENTER, <br><br> Defendants. | ECF CASE <br> 07 CV 6116 (DC) |
| RICK SCHUSSEL, in his personal and corporate capacities, and THE NEW DANCE GROUP STUDIO, INC., a/k/a THE NEW DANCE GROUP ART CENTER, <br><br> Defendants/Counterclaim-Plaintiffs, <br><br> vs. <br><br> MARY ANTHONY in her individual capacity, ABIGAIL BLATT, as Executrix for the Estate of Sophie Maslow and THOMAS D. HURWITZ, as Trustee of "the Estate of Jane Dudley", <br><br> Plaintiffs/Counterclaim-Defendants. | **REPLY** <br> **TO THE COUNTERCLAIM** |

Plaintiffs/Counterclaim-Defendants Mary Anthony in her individual capacity,

Abigail Blatt, as Executrix for the Estate of Sophie Maslow, and Thomas D. Hurwitz, as Trustee

of "the Estate of Jane Dudley", by their attorneys, hereby reply to the Counterclaim of

Defendants/Counterclaim-Plaintiffs Rick Schussel, in his personal and corporate capacities, and

The New Dance Group Studio, Inc., a/k/a The New Dance Group Art Center ("NDG"), dated

August 31, 2007, as follows:

## PARTIES

1. Deny the averments contained in ¶1, except admit that

Defendants/Counterclaim-Plaintiffs seek to characterize themselves as stated. Further admit that

The New Dance Group Studio, Inc. is a New York not-for-profit corporation.

2. Deny the averments contained in ¶2, except admit that Mary Anthony is a

choreographer and dance teacher. Further admit that Ms. Anthony began teaching part-time at

the New Dance Group on or about 1940 and ceased teaching there on or about 1952. Further

admit that Ms. Anthony is a citizen of the United States and a citizen and domiciliary of New

York.

3. Deny the averments contained in ¶3, except admit that Thomas D. Hurwitz is

the trustee for the "Estate of Jane Dudley", and that Ms. Dudley was a choreographer and dance

teacher. Further admit that Ms. Dudley served as a part-time teacher at the New Dance Group.

Further admit that beginning in 1936, Ms. Dudley served as President of the Board of Directors

of the NDG and left the Board in or about 1965, and that Mr. Hurwitz is a citizen of the United

States and a citizen and domiciliary of New York.

4. Deny the averments contained in ¶4, except admit that Abigail Blatt is the

executrix of the Estate of Sophie Maslow, and that Ms. Maslow was a choreographer and dance

teacher. Further admit that Ms. Maslow served as a part-time teacher at the New Dance Group

beginning in or about 1934. Further admit that Ms. Maslow served on the NDG's Board of

Directors from approximately 1936 until the early 1980s, and that Ms. Blatt is a citizen of the

United States and a citizen and domiciliary of New York.

5. Deny the averments contained in ¶5, except admit that in 1934, Jane Dudley created the dance <u>Time is Money</u>, which is publicly recognized as a modern masterpiece.

6. Deny the averments contained in ¶6, except admit that in 1938, Jane Dudley created the dance <u>Harmonica Breakdown</u>, which is publicly recognized as a modern masterpiece. Further admit that Defendants/Counterclaim-Plaintiffs publicly performed <u>Harmonica Breakdown</u> without permission on or about May 11, 2007.

7. Deny the averments contained in ¶7, except admit that in 1948, Mary Anthony created the dance <u>Lady Macbeth</u>, which is publicly recognized as a modern masterpiece.

8. Deny the averments contained in ¶8, except admit that in 1942, Sophie Maslow created the dance <u>Folksay</u>, which is publicly recognized as a modern masterpiece

9. Deny the averments contained in ¶9.

## FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT

10. With respect to ¶10, repeat and reaver each and every response contained in ¶¶1-9 above as if fully set forth herein.

11. State that the averments contained in ¶11 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny each and every averment, except admit that Plaintiffs/Counterclaim-Defendants, in either an individual or representative capacity, are the copyright owners of the choreographic works referenced in the Amended Complaint.

12. State that the averments contained in ¶12 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny each and every averment.

13. State that the averments contained in ¶13 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny each and every averment, except admit that Jane Dudley served as President of the Board of Directors of the NDG beginning in 1936 and left the Board in or about 1965, and further admit that Sophie Maslow served on the Board from approximately 1936 until the early 1980s.

14. Deny the averments contained in ¶14, except admit that each Plaintiff (in an individual or representative capacity) is the owner of one or more of the works that form the basis for the present action, as memorialized by the registration statements attached as Exhibits A-K to Plaintiffs/Counterclaim-Defendants' Amended Complaint.

15. State that the averments contained in ¶15 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny each and every averment.

16. State that the averments contained in ¶15 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny each and every averment.

17. Deny the averments contained in ¶17, except admit the presence of an actual case and controversy.

18. State that the averments contained in ¶18 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny each and every averment.

## PRAYER FOR RELIEF

19. State that the averments contained in this section are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, deny each and every averment.

## AFFIRMATIVE DEFENSES

1. Defendants/Counterclaim-Plaintiffs' Counterclaim fails to state a claim upon which relief may be granted.

2. Defendants/Counterclaim-Plaintiffs' Counterclaim is barred by the doctrine of laches.

3. Defendants/Counterclaim-Plaintiffs' Counterclaim is barred by the doctrine of waiver.

4. Defendants/Counterclaim-Plaintiffs' Counterclaim is barred by the doctrine of estoppel.

5. Defendants/Counterclaim-Plaintiffs' Counterclaim is barred by the doctrine of acquiescence.

WHEREFORE, Plaintiffs/Counterclaim Defendants demand judgment dismissing the Counterclaim with prejudice and granting such other relief that the court deems just and proper, including costs, disbursements and attorneys fees.

CRAVATH, SWAINE & MOORE LLP

by_____

Katherine B. Forrest
Teena-Ann V. Sankoorikal
Members of the Firm

Attorneys for Plaintiffs/Counterclaim-
Defendants
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000